UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>2022 VESSEL NAMED "SEDUCTORA", HULL IDENTIFICATION NUMBER VIV42087I223, BEARING PUERTO RICO REGISTRATION NUMBER 133291,<br><br>    Defendant *In Rem*. | Civil No.: |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, the United States of America brings this Verified Complaint for Forfeiture *In Rem* pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**Nature of the Action**

1.     This is a civil action *In Rem* pursuant to:

    a. 18 U.S.C. § 981(a)(1)(A) allows for the seizure and forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960, or any property traceable to such property. [1]

---

[1] In addition, pursuant to 18 U.S.C. § 982 (a)(1), the court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

  b. 18 U.S.C. § 981 (a)(1)(C) allows for the seizure and forfeiture of property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense.

  c. 21 U.S.C. § 881(a)(4) allows for forfeiture of all conveyance used or intended for use or transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1), (2), or (9).

  d. 21 U.S.C. § 881(a)(6) allows for forfeiture of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I of Chapter 13 of Title 21, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. [2]

2. The specified unlawful activities underlying forfeiture in this matter, include but are not limited to, 18 U.S.C. §§ 1014, 1343, 1344, 1956, and 1957, and 21 U.S.C. § 841, which are all specified unlawful activities pursuant to 18 U.S.C. § 1956(c)(7)(D) and § 1961(1)(B).

  a. Section 1014 of Title 18, United States Code, prohibits making any false statement or report, or willfully overvalues any land, property or security, for the purpose of

---

[2] In addition, 21 U.S.C. § 853(a)(1) allows for forfeiture of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of Subchapter I or Subchapter II of Chapter 13 of Title 21; and 21 U.S.C. § 853(a)(2) allows for forfeiture of property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of Subchapter I or Subchapter II of Chapter 13 of Title 21.

influencing in any way the action of any institution the accounts of which are insured by the Federal Deposit Insurance Corporation.

  b. Section 1343 of Title 18, United States Code, prohibits devising or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

  c. Section 1344 of Title 18, United States Code, prohibits knowingly executing, or attempts to execute, a scheme or artifice to defraud a financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

  d. Section 1956 of Title 18, United States Code, prohibits the laundering of monetary instruments.

  e. Section 1957(a) of Title 18, United States Code, prohibits knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355;

and over this particular action pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C); and 21 U.S.C. § 881(a)(4) and (a)(6).

4. Venue is proper in this district and the Court has *In Rem* jurisdiction over the Defendant *in Rem* pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) because the acts and omissions giving rise to the forfeiture occurred in this district.

## The Defendant *in Rem*

5. The Defendant *In Rem* is a 2022 vessel named "SEDUCTORA", hull identification number VIV42087I223, bearing Puerto Rico registration number 133291. The Defendant *In Rem* is within the possession, custody, or control of the United States. The Defendant *In Rem*, built on or about 2022, was seized on or about March 23, 2024, in the vicinity of Rompeolas, Vieques, Puerto Rico. Felipe Gomez-Encarnacion and Yashira Gonzalez-Melendez were present during the seizure, and both claimed ownership of the Defendant *In Rem*. The Defendant *In Rem* is registered before the Puerto Rico Department of Natural and Environmental Resources in the name of Norberto Correa-Ortiz.

## Facts

6. This Verified Complaint fully incorporates the facts contained in the attached Unsworn Declaration of Special Agent Juan L. Clement of the Immigration and Customs Enforcement-Homeland Security Investigations (ICE-HSI) and Special Agent Vernon L. Cavitt of the Drug Enforcement Administration (DEA).

**Claim for Relief**

7. The United States of America respectfully requests that the Court issue a warrant of arrest for the Defendants *In Rem*; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that the Court enter judgment declaring the Defendants *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the Court grant the United States of America such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this          day of          2024.

W. Stephen Muldrow
United States Attorney

*/s/ Myriam Y. Fernández-González*
Myriam Y. Fernández-González
Assistant United States Attorney – 218011
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656; Fax. (787) 771-4050
Email: Myriam.Y.Fernandez@usdoj.gov

**VERIFIED DECLARATION**

I, Myriam Y. Fernandez-Gonzalez, Assistant United States Attorney, declare pursuant penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the Immigration and Customs Enforcement-Homeland Security Investigations (ICE-HSI); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 16th day of April 2024.

/s/ Myriam Y. Fernández-González
Myriam Y. Fernández-González
Assistant United States Attorney

**VERIFICATION**

I, Juan L. Clemente, depose and say that I am a Special Agent with the Immigration and Customs Enforcement-Homeland Security Investigations (ICE-HSI) and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and, pursuant to 28 U.S.C. § 1746, verify pursuant to penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in San Juan, Puerto Rico, this 16th day of April 2024.

Juan L. Clemente, Special Agent
Immigration and Customs Enforcement-Homeland Security Investigations (ICE-HSI)

## VERIFICATION

I, Vernon L. Cavitt, depose and say that I am a Special Agent with the Drug Enforcement Administration (DEA) and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and, pursuant to 28 U.S.C. § 1746, verify pursuant to penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in San Juan, Puerto Rico, this 16th day of April 2024.

*VCavitt*
Vernon L. Cavitt, Special Agent
Drug Enforcement Administration (DEA)